# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

TOMMIEL QUENPONTA CLAIBORNE,　　　　　　　　　　　　　　　　　PLAINTIFF
# 191617

VERSUS　　　　　　　　　　　　　　CIVIL ACTION NO. 3:17-CV-734-DPJ-FKB

WARDEN F. SHAW, LIEUTENANT
STRUTING, CAPTAIN JONES, OFFICER
MCWILLIAMS, UNIT MANAGER
DONALD, and LIEUTENANT MCCLAREN　　　　　　　　　　　　　　DEFENDANTS

## ORDER OF PARTIAL DISMISSAL

This pro se prisoner case is before the Court, sua sponte, for consideration of dismissal. Plaintiff Tommiel QuenPonta Claiborne is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he brings this action under 42 U.S.C. § 1983, challenging the conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendant Lieutenant Struting is dismissed.

I.　　Background

Claiborne alleges that during July, 2017, he was housed in the lockdown Security Threat Group Unit at East Mississippi Correctional Facility. Claiborne claims that Defendant Unit Manager Donald ordered that sprinklers be turned on in the unit for testing. Defendant Officer McWilliams then informed Claiborne and the other inmates and directed them to move their property to their beds. Claiborne allegedly asked McWilliams to allow him out of the cell, with his legal papers, before the sprinklers came on because the "legal papers [were] very important . . . to prove [his] innocen[ce]." Compl. [1] at 4. Particularly, Claiborne contends that he had an affidavit from a witness that Claiborne believes exculpates him. According to the pleadings,

McWilliams refused, because Defendant Captain Jones ordered that the prisoners would not be moved from their cells during the testing. Claiborne also alleges that Defendant Lieutenant McClaren was present and did not enforce the MDOC policy that would have allowed for the removal of Plaintiff's property. Plaintiff claims he moved his legal work to his bed, but the papers were still soaked, and he is now unable to present them in court. Claiborne claims that the sprinklers also sprayed him, his cell, and belongings, including his bed.

Claiborne alleges that he complained to Defendant Warden F. Shaw and Donald after the incident but the legal papers have not been replaced.

Claiborne initiated this action on September 12, 2017, pursuant to § 1983, asserting claims for a deprivation of property without due process and cruel and unusual punishment, under the Fifth and Eighth Amendments. Claiborne also appears to be claiming a denial of access to courts. Besides the above Defendants, Claiborne sues Lieutenant Struting, even though Claiborne does not think Struting was there. Rather, Claiborne sues Struting, because, "if he played apart . . . then he is . . . responsible. . . . I did not see Lt. Struting non[e] that day but this does not means [sic] he didn't play as Lt. [sic] of this shift as well as Lt. McClaren." Pl.'s 2nd Resp. [11]. Claiborne asks for the return of his legal work.

II. Discussion

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual

power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Claiborne to proceed *in forma pauperis* in this action. The Complaint is subject to *sua sponte* dismissal under § 1915.

Claiborne sues Lieutenant Struting, among others, alleging the loss of legal papers and cruel and unusual punishment. Claiborne admits however that he does not know if Struting was involved but is suing him only because he may have been a shift commander.

"There is no vicarious or *respondeat superior* liability of supervisors under section 1983." *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006). Rather, the supervisor must either be personally involved in the violation or otherwise have caused the violation. *Id.* All that is alleged against Struting is that he is a Lieutenant and that he may have been a shift commander that day. Claiborne admits that he does not know whether Struting was involved in the incident or not. This fails to state a claim against Struting upon which relief can be granted.

III.     Conclusion

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendant Lieutenant Struting is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim against him upon which relief could be granted. The remainder of the case shall proceed.

**SO ORDERED AND ADJUDGED** this the 23rd day of February, 2018.

                                        s/ *Daniel P. Jordan III*                    
                                        CHIEF UNITED STATES DISTRICT JUDGE