UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TOMMIEL QUENPONTA                                                      PLAINTIFF
CLAIBORNE

v.                                              CIVIL ACTION NO. 3:17-cv-734-DPJ-FKB

WARDEN F. SHAW, CAPT.
MICHAEL JONES, C.O. DONNA
MCWILLIAMS, UNIT MANAGER
TONY DONALD, and VINCENT
MCALISTER                                                             DEFENDANTS

## REPORT AND RECOMMENDATION

This case is before the undersigned for Report and Recommendation on Defendants'
Motion for Summary Judgment [43] and Plaintiff's Motion for Subpoena to be Issued [46]. After
considering the parties' filings and Plaintiff Tommiel QuenPonta Claiborne's testimony, the
undersigned recommends that Defendants' motion [43] be granted and that Plaintiff's motion [46]
be denied.

## I. Factual Background

Claiborne is an inmate in the custody of the Mississippi Department of Corrections
("MDOC"). He is currently housed at the East Mississippi Correctional Facility ("EMCF"). He is
proceeding *pro se* and *in forma pauperis*. He claims that Defendants violated his constitutional
rights and has brought this suit pursuant to 42 U.S.C. § 1983.

Claiborne contends that in July 2017, employees at EMCF destroyed some of his legal
documents during a test of the facility's sprinkler system. According to Claiborne, the incident
began when Corrections Officer McWilliams told inmates that the prison's sprinkler system was
about to be tested. [1] at 4. She advised them to place their belongings on their beds. *Id.*; [34] at 9.

1

Claiborne claims that he explained to McWilliams that he had important legal papers in his cell that proved his innocence. *Id.* at 4-5; [34] at 9. He asked for permission to move the papers. [34] at 9. McWilliams went to ask an unknown supervisor if Claiborne's papers could be moved. *Id.* However, when she returned to him, she told Claiborne that they wouldn't let him out of his cell or allow him to move his papers somewhere else. *Id.* Claiborne placed the documents on top of his bed rack. *Id.* at 10. When the sprinklers turned on, his documents got wet. [1] at 4-5. He contends that the papers turned brown and were ruined as a result. [34] at 6.

The Court held an omnibus hearing on October 31, 2018. The undersigned asked Claiborne his reasons for suing some of the individual defendants.  He explained that he was suing Captain Jones, Unit Manager Donald, and Vincent McAlister because they were supervisors over the zone/prison at the time of the incident. *Id.* at 8, 11.  He sued McWilliams because she was the guard who told him that he could not move his legal papers out of the cell. *Id.* at 9-10.  Also, according to Claiborne's Response [9] to the Court's Order [10] of January 4, 2018, Warden Shaw was sued because of his "official capacity" and supervisory responsibilities.  [9] at 1.[1]

At the hearing, Claiborne explained that his claim primarily focuses on the loss of one document. He described the document as follows:

> It was a statement from one of the witnesses in my case that I was appealing, and it was a statement of him giving . . . us advice that the district attorney had threatened him and made statements . . . against me to get a conviction.

---

[1] In this same response [9], Plaintiff gave details of the actions of other Defendants in relationship to the sprinkler incident, but Plaintiff clarified at the omnibus hearing that he was suing Jones, Donald, and McAlister because of their supervisory roles. *See* [9] at 1, *but see* [34] at 8, 11; *see also Davis v. Scott*, 157 F.3d 1003, 1005-06 (5th Cir. 1998) (an omnibus hearing "affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners"); *Adams v. Hansen*, 906 F.2d 192, 194 (5th Cir. 1990) (an omnibus hearing "is in the nature of an amended complaint or a more definite statement"); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (the omnibus hearing "supersedes" claims made in the complaint).

[34] at 6. Claiborne testified that the statement in question was made by a relative of his, Willie Claiborne. *Id.* at 12. It was not made under oath. *Id.* at 6. He confirmed that Willie Claiborne is still alive and did not describe any reason why he would be unable to reproduce the statement in question. *Id.* at 7. Instead, when the opposing counsel asked if Plaintiff had made any attempts to contact his relative for another statement, he responded that he did not "have any way." *Id.* at 12.

Thus, of the five defendants sued by Plaintiff, only Officer McWilliams was personally involved in the sprinkler incident. Defendants Jones, McDonald, and McAlister, and Shaw have been sued because of their supervisory positions. Based on Plaintiff's testimony at the omnibus hearing, the Court construes that Plaintiff appears to be making a First Amendment claim against McWilliams for interference with access to courts. *Id.* at 6-7. The undersigned observes that Plaintiff also mentioned in his Complaint [1] a claim for deprivation of this property—the legal papers—without due process, deprivation of life and liberty without due process, and a claim for cruel and unusual punishment in violation of the Eighth Amendment. [1] at 5.

In the Motion for Summary Judgment [43], Defendants seek dismissal of Plaintiff's action. The motion provides that all of Plaintiffs claims against Defendants Jones, McDonald, McAlister, and Shaw should be dismissed because "[a] Plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor." [44] at 5 (citing *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978)). Plaintiff has admitted that these individuals were sued because of their supervisory role, not for any personal involvement in the sprinkler incident. The motion also argues that in light of grounds supporting this Court's dismissal of Plaintiff's habeas action in the previously filed matter of *Claiborne v. Shaw*, Civil Action No. 5:17-cv-103-KS-LRA (S.D Miss.), Plaintiff cannot establish any claim against Officer McWilliams for interference with his access to

3

courts because he has not suffered any "actual injury" to his habeas claim. *See Jones v. Denmark*, Civil Action No. 1:14-cv-258-LG-JCG, 2016 WL 4126387 at *4 (S.D. Miss. July 5, 2016) (finding no constitutional violation when "Plaintiff cannot show that he would have been successful in that previous lawsuit if only his legal papers had not been stolen, thus he cannot show an actual injury").

## II. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999) (quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 525 U.S. 1054, (1998)). Issues of fact are material if "a resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

## III. Analysis

### a. Liability of Supervisors Under 42 U.S.C. § 1983

Plaintiff has stated to the Court that he sued Defendants Jones, McDonald, McAlister, and Shaw because they held supervisory positions at EMCF at the time of the incident. The summary

judgment motion therefore seeks dismissal of these defendants pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978)), which provides that "there is no vicarious liability under section 1983." *Reed v. Management and Training Corporation*, Civil Action No. 3:14-cv-452-LRA, 2016 WL 1050739 at *3 (S.D. Miss. Mar. 16, 2016) (citing *Monell* at 691-695). Plaintiff does not address this argument in any of his objections [47], [49], [50] in response to Defendants' motion.  Therefore, the undersigned finds that this argument is well taken and Defendants Jones, McDonald, McAlister, and Shaw should be dismissed with prejudice from this action.

**b.  First Amendment Claim for Interference with Access to Courts**

The primary concern of Plaintiff's suit is the unsworn written statement from Willie Claiborne that was allegedly soaked beyond use during the sprinkler testing. [34] at 6-7.  Plaintiff stated that before the document was destroyed, he had planned to use the statement in his "criminal appeal" pending in federal court.  In the summary judgment motion, Defendants indicated to the Court that Plaintiff's "criminal appeal" is the petition for writ of habeas corpus filed by Plaintiff on August 8, 2017, in this same district court, styled *Claiborne v. Shaw*, Civil Action No. 5:17-cv-103-KS-LRA (S.D. Miss) ("habeas petition").  Plaintiff has not disputed that his habeas petition is the "federal criminal appeal" he referenced at the omnibus hearing, and the undersigned takes judicial notice of the proceedings therein.  Plaintiff's habeas petition was dismissed by the district court because the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") had expired more than five months prior to the date Plaintiff filed the habeas petition.  *See* Report and Recommendation [17][2] at 3, in *Claiborne v. Shaw*, Civil Action

---

[2] The Report and Recommendation [17] was adopted by district court Order [38] on January 2, 2019, which found that "the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards."  *Claiborne v Shaw*, Order [38] at 4.

No. 5:17-cv-103-KS-LRA.  The Court reviewing the habeas petition further found that Plaintiff did not provide sufficient new evidence tending to "persuade the district court that 'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  *Id.* at 4 (quoting *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1927 (2013) (citation omitted)).  The Court concluded that dismissal was appropriate because Plaintiff "failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the one-year statute of limitations" and because "[n]one of [Plaintiff's] remaining arguments warrant[ed] statutory or equitable tolling."  *Id.* at 6.

In light of the district court's dismissal of Plaintiff's habeas petition on the grounds of untimeliness and insufficiency of new evidence, Defendants in this case argue that Plaintiff does not have a viable claim for interference with access to courts because he has not suffered an "actual injury" arising from the water damage to Willie Claiborne's statement.  In other words, the damage to Willie Claiborne's statement did not hinder Plaintiff's "ability to pursue a nonfrivolous, arguable claim."  *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009).

Plaintiff counterargues that because he could have used the Willie Claiborne document as "newly discovered evidence" to support an amended habeas petition to exonerate himself, the damage to the statement constitutes deprivation of his life, liberty, and property without due process.  [47] at 1.

Here, the undersigned finds the timeline of events helpful.  Plaintiff alleges that the sprinkler incident occurred sometime in July 2017.  The Court takes judicial notice of the docket of Plaintiff's habeas petition, which indicates that the petition was filed on August 8, 2017.  *See* Petition for Writ of Habeas Corpus [1] in *Claiborne v. Shaw*.  Therefore, Plaintiff had the option of informing the district court considering his habeas petition that Willie Claiborne was a

potentially exonerating witness. Morevoer, the undersigned opines that the district court's disallowance of an evidentiary hearing in the habeas petition[3] further supports a finding that the absence of the unsworn statement from Willie Claiborne had no outcome-determinative effect on Plaintiff's habeas petition. Thus, because Plaintiff has suffered no "actual injury" to his habeas petition, the undersigned recommends dismissal of Plaintiff's First Amendment claim for interference with access to courts. *See Jones v. Denmark*, Civil Action No. 1:14-cv-258-LG-JCG, 2016 WL 4126387 at *4.

For these same reasons, Plaintiff's due process claims for deprivation of life and liberty are not viable. Though vague and attenuated, Plaintiff's claims regarding deprivation of life and liberty are apparently based upon the argument that he would have gained life and liberty through exoneration and release from prison following the successful incorporation of the Willie Claiborne document into his criminal appeal. Because, as discussed above, the absence of the Willie Claiborne document did not result in an "actual injury" to Plaintiff's habeas petition, Plaintiffs deprivation claims based upon the absence of the Willie Claiborne document should be dismissed.

As for Plaintiff's claim that the water damage to the Willie Claiborne document constitutes a taking of his property without due process, the undersigned observes that "the deprivation of property by state officials–whether negligent or intentional–does not violate the due process clause of the Fourteenth Amendment as long as adequate post-deprivation remedies exist." *Id.* (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). Furthermore, "Mississippi provides post-deprivation remedies for civil IFP litigants which satisfy due process." *Vanslyke v. Pearl River County*, Civil Action No. 1:17-cv-164-LG-RHW, 2019 WL 4315026 (S.D. Miss. July 19, 2019) (citing *Harbin v. Epps*, 2013 WL 4432155, at *3 (S.D. Miss. 2013) (citing *Nickens v. Melton*, 38

---

[3] *See* Report and Recommendation [17] at 5-6, in *Claiborne v. Shaw*, Civil Action No. 5:17-cv-103-KS-LRA.

F.3d 183, 185 (5th Cir. 1994))).  Therefore, Plaintiff's deprivation of property claims should be dismissed as well.

### IV. Motion for Subpoenas Commanding Deposition Attendance [46]

On April 15, 2019, Claiborne filed a Motion for Subpoenas Commanding Deposition Attendance [46].  The Omnibus Order [35] entered in this case, however, sets a discovery deadline of February 15, 2019.  Therefore, Claiborne's motion, filed after both the discovery deadline and the motion deadline, is untimely and should be denied.

### V. Eighth Amendment Claim Alleging Cruel and Unusual Punishment

In his Complaint [1], Plaintiff alleged that Defendants inflicted cruel and usual punishment upon him in violation the Eighth Amendment "by not tak[ing] me out of my cell while the water was spraying inside of my cell." [1] at 5.  At the omnibus hearing, however, Plaintiff emphasized that his primary concern was the water damage to the Willie Claiborne statement.  [34] at 5-7. Pursuant to 28 U.S.C. § 1915, the undersigned recommends, *sua sponte*, that Plaintiff's Eighth Amendment claim be dismissed.  Dismissal is appropriate in this case because in addition to Plaintiff's own statements indicating that the impetus for this suit was the water damage to his legal papers, there is no indication that Defendants' actions exposed Plaintiff to a "substantial risk of serious harm."  *Dickerson v. Byrd*, Civil Action No. 5:13-cv-202-DCB-MTP, 2016 WL 1046823 at *3 (S.D. Miss. Jan. 19, 2016) (quoting *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir.2003)).

### VI. Conclusion

For the foregoing reasons, the undersigned recommends that Defendants' Motion for Summary Judgment [43] be granted, and this case should be dismissed in its entirety.  Defendants Jones, McDonald, McAlister, and Shaw should be dismissed with prejudice from this action; and

all claims against Defendant McWilliams should be dismissed with prejudice.  The undersigned also recommends that Plaintiff's Motion for Subpoenas Commanding Deposition Attendance [46] be denied.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Assn*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 31st day of January, 2020.

 /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE