UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| TOMMIEL QUENPONTA CLAIBORNE | PLAINTIFF |
| V. | CIVIL ACTION NO. 3:17-CV-734-DPJ-FKB |
| WARDEN F. SHAW, ET AL | DEFENDANTS |

ORDER

This action pursuant to 42 U.S.C. §1983 is before the Court on the Report and Recommendation [51] of Magistrate Judge F. Keith Ball.

Plaintiff Tommiel QuenPonta Claiborne filed this suit against several employees of the East Mississippi Correctional Facility ("EMCF") in Meridian, Mississippi, specifically Warden F. Shaw, Captain Michael Jones, Corrections Officer Donna McWilliams, Unit Manager Tony Donald, and Vincent McAlister. Claiborne alleges that in July 2017, Defendant McWilliams informed him that EMCF would be testing the sprinkler system and that he should place any property in his cell under his bed. Pl.'s Compl. [1] at 4. Claiborne says he told McWilliams that he had papers that proved his innocence in his cell and that he should therefore be allowed to take them outside of his cell during the test. *Id.* McWilliams did not allow him to leave his cell or take the papers out of the cell. *Id.* As a result, the papers were ruined. *Id.* at 5. Based on this incident, Claiborne brought claims for violation of his right to due process and violation of the Eighth Amendment's prohibition on cruel and unusual punishment. *Id.* Shaw, Jones, Donald, and McAlister were not involved in this incident, but were named as defendants because they were the supervisors on duty at the time. Tr. [34] at 8, 11.

Defendants filed a motion for summary judgment [43] seeking dismissal of the case, and Claiborne filed a motion seeking to subpoena certain witnesses to appear at a deposition [46].

Judge Ball recommended granting Defendants' summary-judgment motions because (1) "there is no vicarious liability under section 1983," under *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978); (2) Claiborne's habeas petition in his related case was dismissed, showing that the incident in this case did cause any "actual injury"; and (3) his Eighth-Amendment claim was not viable due to no "substantial risk of serious harm." R&R [51] at 5–8. Judge Ball also recommended denying Claiborne's subpoena-related motion because it was "filed after both the discovery deadline and the motion deadline" had expired. *Id.* at 8. Claiborne did not file an objection to the R&R, and the time to do so has passed.

The Court finds the Report and Recommendation [51] should be adopted as the opinion of the Court; Defendants summary-judgment motion [43] is granted and Claiborne's motion to subpoena deposition witnesses [46] is denied. The complaint is dismissed with prejudice. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 24th day of February, 2020.

                                        s/ *Daniel P. Jordan III*
                                        CHIEF UNITED STATES DISTRICT JUDGE